IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARKUS GRANSBERRY,

            Plaintiff,                                ORDER

     v.                                            09-cv-730-bbc

DR. SULIENE, L. ALSUM
and SGT. FRIEND,

            Defendants.

---

Plaintiff Markus Gransberry was allowed to proceed on his claim that defendants Dr. Suliene, L. Alsum and Sgt. Friend violated his rights under the Eighth Amendment by responding with deliberate indifference to plaintiff's serious medical needs. On December 29, 2009, I denied plaintiff's motion to appointment a lawyer for him. Plaintiff has move for reconsideration. Plaintiff states that when the court considered plaintiff's ability to litigate this case, it did not know that he had been assisted by another inmate who no longer can assist him.

It is true that I did not know this; also, plaintiff has submitted an affidavit stating that he requires medication and has mental and physical disabilities. Even with all this, it is too early in this case for me to know whether all of these things actually prevent plaintiff from representing himself in this case. As I previously stated, after the defendants answer the complaint I will schedule a preliminary pretrial conference at which I will talk directly to plaintiff about his case, and what he needs to do to attempt to prove his claim. Then I will send plaintiff this court's special pretrial conference order that we use in pro se prisoner cases to explain the way things work in lawsuits like his. Plaintiff will then get some time to see how well he manages his lawsuit on his own.

Copy of this document has been provided to PLF
this 20th day of Jan, 2010
by C A Korth
C. A. Korth, Secretary to
Magistrate Judge Crocker

This court does not do these things in order to make it hard for pro se prisoner litigants to pursue their claims; we do them because we have so few pro bono lawyers and so many pro se lawsuits. We have no choice but to require all prisoner litigants to do the best they can without a lawyer and then have the court consider the matter again later in the case if the prisoner litigant renews his request. Even then, most prisoner litigants do not meet the legal test for appoint a lawyer to represent them.

For these reasons I am denying plaintiff's motion for reconsideration without prejudice.

ORDER

IT IS ORDERED that plaintiff's motion for reconsideration of the denial of his motion for appointment of counsel, dkt. 12, is DENIED.

Entered this 19th day of January, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge