IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARKUS GRANSBERRY,

                                                                     ORDER

                Plaintiff,

                                                         09-cv-730-bbc

    v.

DR. SULIENE, L. ALSUM
and SGT. FRIEND,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action in which plaintiff Markus Gransberry alleges that defendants Suliene, Alsum and Friend failed to provide him adequate medical treatment. Now before the court is plaintiff's motion for access to the law library. In his motion, plaintiff says that he has been placed on "bunk confinement" and he asks for a court order allowing him to use the law library notwithstanding his current disciplinary restriction. I construe plaintiff's submission as a motion for preliminary injunctive relief, and I will deny that motion.

      There is only one situation in which I may take up the matter of court access in the context of a pending lawsuit that does not include the claim in the underlying complaint. If plaintiff could show that prison officials were actively and physically blocking his ability

1

to come to trial or defend against a motion filed by the defendants, I may ask defendants' counsel to look into the matter and report the circumstances to the court. This authority to entertain an issue that was not formally raised in the complaint stems from the court's inherent powers to exercise administrative control over the progress of the suits submitted to it for adjudication.

Here, plaintiff is not alleging that he is being prevented from coming to trial or defending against a pending motion filed by the opposing party. Trial has not yet been scheduled and no dispositive motions have been filed against which plaintiff must defend. The next step in this case will be for the parties to participate in a pretrial conference with the magistrate judge on February 12, 2010. At the conference, the magistrate judge will set the schedule for trial, as well as answer any questions plaintiff may have about how to proceed with his case. At this point, plaintiff has made no showing that his inability to access the law library for a limited period of disciplinary confinement is preventing him from prosecuting this lawsuit. Therefore, his motion for preliminary injunctive relief will be denied.

Two final matters require attention. In his motion, plaintiff states that he received a letter from defendants' attorney with a request that plaintiff sign and return an authorization for release of his medical records. Plaintiff says that he does not understand what his medical records have to do this case and he asks also why defendants' attorney did

not send a copy of the letter to the court.

With respect to the authorization form, I cannot advise plaintiff how he should proceed in this case. However, I can tell him that it is not uncommon in cases such as this that raise issues about a plaintiff's mental or physical well-being in prison, for defendants to ask the plaintiff to sign a release authorizing their inspection of his medical records. In some cases, a plaintiff's failure to allow defendants access to such records could result in the dismissal of his case. Nevertheless, if plaintiff believes the request should be limited in its scope, he is free to discuss this matter with the magistrate judge at the preliminary pretrial conference and the magistrate judge can decide whether modification of the authorization request is appropriate.

Finally, as plaintiff will learn at the upcoming pretrial conference, the court does not require the parties to a lawsuit to file their discovery material with the court. That is why defendants' attorney did not send a copy of his recent letter to the court.

ORDER

IT IS ORDERED that plaintiff's motion for preliminary injunctive relief, dkt. #18, is DENIED.

Entered this 8th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge