IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARKUS GRANSBERRY,

                                                                                              ORDER

                Plaintiff,

                                                                             09-cv-730-bbc

    v.

DR. D. SULIENE, L. ALSUM
and SGT. FRIEND,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action for monetary relief brought pursuant to 42 U.S.C. § 1983, plaintiff Markus Gransberry is proceeding on claims that defendants Dr. Suliene, L. Alsum and Sgt. Friend failed to provide him adequate medical treatment in violation of the Eighth Amendment. Now before the court is plaintiff's motion for a restraining order against defendant Friend and non-party correctional officer Goldsmith or an emergency transfer. Plaintiff alleges that defendant Friend has engaged in several acts of retaliation because plaintiff filed this lawsuit. In particular, Friend has issued conduct reports and warnings to plaintiff for incidents for which other inmates would not receive warnings. Also, Friend ordered Goldsmith to search plaintiff's bunk and plaintiff's reading glasses were broken

1

during the search. Finally, plaintiff alleges that Friend shouted at plaintiff to "shut-the-hell-up-you-are-not-a-damn-lawyer-Gransberry!" Plaintiff alleges that these actions have caused him to "fear for his life" and lose access to the law library. He requests that the court grant a restraining order against Friend and Goldsmith or transfer him to either the Fox Lake or Oakhill Correctional Institution.

I will deny plaintiff's motion because I cannot consider any of plaintiff's assertions of wrongdoing in the context of a motion for a temporary restraining order or transfer. In situations in which a plaintiff alleges that state officials have retaliated against him for initiating a lawsuit, it is the policy of this court to require the claim to be presented in a lawsuit separate from the one which is alleged to have provoked the retaliation. The reason for this policy is two-fold. First, it avoids the complication of issues which can result from an accumulation of unrelated claims in one action. Second, it would be futile for the plaintiff to amend his complaint to add such a claim, because the claim would be vulnerable immediately to dismissal for his failure to comply with the exhaustion requirements of 28 U.S.C. § 1997e. In Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 535 (7th Cir. 1999), the Court of Appeals for the Seventh Circuit held that a claim brought in federal court by a prisoner before administrative remedies have been exhausted must be dismissed. A district court lacks "discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Id. It would be impossible for plaintiff to

2

exhaust his administrative remedies before filing his lawsuit on a claim that did not arise until after he filed his lawsuit.

The court recognizes an exception to the policy of requiring retaliation claims to be brought as a separate lawsuit only where it appears that the alleged retaliation would directly, physically impair the plaintiff's ability to prosecute his lawsuit.  Nothing in plaintiff's motion or affidavit supports a conclusion that he is being physically prevented from prosecuting this lawsuit.  Even plaintiff's assertion that disciplinary sanctions have restricted his access to the law library is insufficient to allow plaintiff to raise his new collection of complaints of officer misconduct in the context of this lawsuit.  As I recently explained to plaintiff in an order dated February 8, 2010, denying his motion for access to the law library, "plaintiff has made no showing that his inability to access the law library for a limited time period of disciplinary confinement is preventing him from prosecuting this lawsuit." Dkt. #19.  Therefore, if plaintiff wants to raise a claim that defendant Friend and other prison officials are retaliating against him for filing this lawsuit, he will have to do so in a separate lawsuit after he exhausts his administrative remedies.

ORDER

IT IS ORDERED that

1.  Plaintiff Markus Gransberry's motion for a restraining order or transfer, dkt. #25,

is DENIED.

Entered this 19th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4